IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA D. DAVIS, | § § | |
| Plaintiff, | § § | |
| v. | § | 3:05-CV-0832-M |
| | § | |
| MAHA TRADING, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment, filed on April 28, 2006. For the reasons stated below, Defendant's Motion is **DENIED**.

### Background

In her Complaint, Plaintiff Debra Davis ("Davis") claims she was subjected to sexual harassment and was fired in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant Maha Trading Co. ("Maha") denies that Davis was subjected to sexual harassment, or that Davis reported such harassment prior to her termination. Maha also contends that Davis was terminated for a legitimate reason.

Maha is a Texas corporation that owns the International House of Pancakes restaurant where Davis worked ("IHOP"), and where the sexual harassment allegedly occurred. Davis worked at IHOP for approximately sixteen months, during which time she was supervised by

1

Nabeel Abu-Rabeau ("Abu-Rabeau"), an assistant manager.[1] Davis alleges that over the course of her employment, Abu-Rabeau repeatedly subjected her to uninvited, offensive, and demeaning acts and statements that were sometimes witnessed by other IHOP supervisory personnel, that Davis repeatedly asked Abu-Rabeau to cease the sexual harassment, and that this sexual harassment was severe and pervasive to the point that it altered the conditions of her employment. Davis also alleges that in reporting Abu-Rabeau's conduct to Shana Weihausen ("Weihausen"), the IHOP general manager, on April 11, 2005, Davis engaged in a protected activity, and that her termination on April 12, 2005 amounts to a retaliatory act under Title VII.

In its Motion, Maha argues that Davis presents no genuine issue of material fact as to either her sexual harassment or retaliation claim, and that Davis has failed to demonstrate any legally supportable damages.

### Summary judgment standard

Fed. R. Civ. P. 56(c) allows summary judgment only when the moving party demonstrates that there is no genuine issue as to any material fact and the party is entitled to judgment as a matter of law. Once the movant has discharged its initial burden under Fed. R. Civ. P. 56, the nonmovant must set forth specific facts, by affidavits or otherwise, that show a genuine issue for trial.

Summary judgment is warranted when the facts and law, as reflected in the pleadings, affidavits, and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. Pourgholam v. Advanced Telemktg. Corp., No.

---

[1] Abu-Rabeau is periodically referred to as Abu-Rabea by one or both parties.

3:01-CV-2764-H, 2004 U.S. Dist. LEXIS 10659, at *2-3 (N.D. Tex. June 9, 2004) (citing Fed. R. Civ. P. 56; Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986)). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." Lynch Props., Inc. v. Potomac Ins. Co., 140 F.3d 622, 625 (5th Cir. 1998) (citing Celotex, 477 U.S. at 322-25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts that prove the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. Fed. R. Civ. P. 56(e). The court must review all evidence in the record, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses" and disregarding the evidence favorable to the nonmovant that the jury is not required to believe. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 152 (2000). Further, "the court must draw all justifiable inferences in favor of the nonmovant." Keelan v. Majesco Software, Inc., 407 F.3d 332, 338 (5th Cir. 2005).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced

evidence showing that a controversy exists." Lynch Props., 140 F.3d at 625. "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Friou v. Phillips Petroleum Co., 948 F.2d 972, 974 (5th Cir. 1991). However, in the absence of proof, a court will not conclude that the nonmoving party could prove the required facts. Lynch Props., 140 F.3d at 625.

## ANALYSIS

### Sexual Harassment

In Casiano v. AT&T Corp., 213 F.3d 278, 288 (5th Cir. 2000), the Fifth Circuit provided a roadmap for analysis of supervisor sexual harassment claims. First, a court determines whether the complaining employee suffered a "tangible employment action." Id.; Wyatt v. Hunt Plywood Co., 297 F.3d 405, 409 (5th Cir. 2002). If she has, the claim can be classified as a "*quid pro quo*" case; if she has not, the claim can be classified as a "hostile environment" case. Wyatt, 297 F.3d at 409; *but cf.* Rogers v. Am. Heritage Life Ins. Co., 3:04-CV-0367-B, 2005 U.S. Dist. LEXIS 33849, at *11 (N.D. Tex. Apr. 28, 2005) (Boyle, J.) ("Despite the Supreme Court's statement that the *quid pro quo* and hostile environment rubrics are of 'limited utility', courts continue to use them."). In a *quid pro quo* suit, proof that a tangible employment action resulted from a supervisor's sexual harassment renders the employer vicariously liable. Wyatt, 297 F.3d at 409. In a hostile environment case, however, the next inquiry is whether the supervisor's actions constituted severe or pervasive sexual harassment. Id. If the conduct was not severe or pervasive, the employer is not vicariously liable for the supervisor's actions; if the conduct was severe and pervasive, the employer is vicariously liable unless the employer can establish both prongs of the

4

Ellerth/Faragher affirmative defense. Id. To establish this defense, the employer must show that (1) the employer exercised reasonable care to prevent and correct promptly any sexual harassment, and (2) the complaining employee unreasonably failed to take advantage of preventative or corrective opportunities provided by the employer. *See* Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998); Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

*Quid Pro Quo*

Davis argues that she suffered a tangible employment action as a result of the alleged harassment, in the form of her firing on April 12, 2005. The Fifth Circuit has defined a "tangible employment action" as a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. Fierros v. Tex. Dep't of Health, 274 F.3d 187, 192 n.2 (5th Cir. 2001) (citing Ellerth, 524 U.S. at 761). Davis's termination clearly constitutes a tangible employment action and a significant change in her employment status.

Following the Casiano roadmap, the Court must now determine whether Davis's response to the harassment caused this tangible employment action. 213 F.3d at 288. Davis must demonstrate a causal nexus between her response and the claimed tangible employment action. *See* La Day v. Catalyst Tech., Inc., 302 F.3d 474, 482 (5th Cir. 2002).

In her deposition, Davis cites a number of instances in which she claims Abu-Rabeau made comments to her of a sexual nature or touched her inappropriately. *See, e.g.,* Pl. App. at 28, 31, 48, 55, 70. Davis contends she complained to Weihausen about Abu-Rabeau, in Abu-

Rabeau's presence[2], on April 11, 2005, and that Abu-Rabeau terminated Davis the very next day. Though Maha states in its brief that the "only complaints [Davis] made prior to her termination were general complaints that Abu-Rabea spoke foul to everyone, had once called her a bitch and pulled her ponytail on one occasion," there is evidence otherwise. Def. Br. at 5; see Davis Deposition at 71 ("And I believe my comment was he makes sexual comments that's not necessary"); Pl. App. at 65 (Weihausen Deposition)(stating it is possible Davis complained of specific sexual comments by Abu-Rabeau at the April 11, 2006 meeting). In light of the fact that Abu-Rabeau fired Davis, and in light of Abu-Rabeau's awareness of Davis's complaint to Weihausen the day before, the Court finds a fact issue as to whether there is a causal nexus between Davis's complaint to Weihausen and her termination. See Parks v. Miss. Dep't of Transp., 1:04CV240, 2006 U.S. Dist. LEXIS 2529, at *6 (N.D. Miss. Jan. 11, 2006).

*Hostile Environment*

Because Plaintiff's sexual harassment claim survives Defendant's Motion for Summary Judgment under a *quid pro quo* analysis, the Court does not engage in a hostile environment analysis.

Retaliation

The Court applies the modified McDonnell Douglas approach to claims of retaliation based on Title VII. See Richardson v. Monitronics Int'l, 434 F.3d 327, 334 (5th Cir. 2005) (citing Rachid v. Jack in the Box, Inc., 376 F.3d 305, 310-12 (5th Cir. 2004)); McDonnell

---

[2]Davis Deposition at 23.

Douglas Corp. v. Green, 411 U.S. 792, 800-46 (1973). Under this regime:

> The plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiffs protected characteristic (mixed-motive alternative).

Rachid, 376 F.3d at 312. To establish a prima facie case, Davis must show (1) that she engaged in protected activity; (2) that she was subjected to an action that a reasonable employee would have found materially adverse; and (3) a causal link existed between the protected activity and the alleged retaliation. Burlington Northern & Santa Fe Ry. v. White, 126 S. Ct. 2405 (2006).

Davis argues that (1) she engaged in protected activity by complaining to Weihausen about the sexual harassment, (2) she was fired the day after she complained, and (3) a causal link exists between her complaint and her termination. "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." Ackel v. Nat'l Communc'ns, Inc., 339 F.3d 376, 385 (5th Cir. 2003) (quotation and citation omitted). In determining whether a plaintiff has engaged in protected activity, the plaintiff need not prove that the conduct opposed was an actual violation of Title VII. Green v. Adm'rs of the Tulane Educ. Fund, 284 F.3d 642, 657 (5th Cir. 2002). Assuming Davis complained of Abu-Rabeau's alleged sexual comments and/or conduct during Davis's meeting with Weihausen, the Court is of the view that Davis's complaint constitutes protected activity. With respect to the issue of a causal link, Maha argues that Weihausen, Abu-Rabeau's superior, was the ultimate decision maker with

respect to Davis's termination, and that she conducted an independent investigation into Davis's firing before approving it. Maha claims this fact, combined with Weihausen's lack of retaliatory motive, breaks any causal link that may have existed between Davis's termination and her engagement in protected conduct, citing Mato v. Baldauf, 267 F.3d 444, 450 (5th Cir. 2001). However, the Fifth Circuit, in Mato, also held that the causal link is not broken where the final decision-maker "rubber-stamps" the firing recommendation of a subordinate. Id. It further held that "the degree to which the executive's decision was based on his or her own independent evaluation is a question of fact." Id. The Court lacks sufficient evidence to conclude as a matter of law that no genuine issue of material fact exists as to the degree to which Weihausen's affirmation of Abu-Rabeau's termination decision was based on Weihausen's own independent evaluation.[3]

Because Davis has set forth a *prima facie* case, Maha must show a legitimate, non-retaliatory reason for Davis's termination. *See* Rachid, 376 F.3d at 312. Maha presents evidence that Abu-Rabeau terminated Davis because of her alleged insubordination on the night of April 12, 2006.[4] Davis's alleged insubordination constitutes Maha's legitimate, non-retaliatory reason for Davis's termination.

The Court assumes, without deciding, that the insubordination constitutes a legitimate

---

[3]Mato dealt with a situation in which subordinates made recommendations to a superior. In this case, the Court understands that Abu-Rabeau had authority to terminate Davis, and that any investigation by Weihausen would have been geared toward deciding whether to overturn Abu-Rabeau's decision. Maha did not address this distinction between Mato and the instant case.

[4]Maha claims that Abu-Rabeau instructed Davis not to stand next to her table of customers as the customers perused the menu. Davis allegedly replied, "Where do you want me to stand?" after which, Maha claims, an argument between Abu-Rabeau and Davis ensued. *See* Def. Br. at 3.

8

non-retaliatory reason for Davis's termination. Thus, Davis must offer sufficient evidence to establish a genuine issue of material fact to show either (1) that the defendant's reason is not true, but is instead a pretext for retaliation (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is retaliation for Davis's protected activity. For the limited purposes of summary judgment, the Court finds that Davis demonstrates a genuine issue of material fact as to whether retaliation for Davis's protected activity was a motivating factor in the decision to terminate her. Davis has provided evidence that Abu-Rabeau had knowledge of her allegedly protected activity, and his firing her the next day is circumstantial evidence that her complaint motivated him. The Court cannot say as a matter of law that a jury could not find that Abu-Rabeau's reason for terminating Davis is not true, or that, while true, is only one of the reasons for his decision to fire her.

## Damages

The Court concludes, based on the evidence before it, that Maha is not entitled to summary judgment that Davis suffered no recoverable damages.

**SO ORDERED.**

DATED: August 3, 2006.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE